IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH E. LAWRENCE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | CV 15-00078-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Joseph Lawrence has submitted a "Writ of Mandamus for Demand for Return of Seized Property under MCA § 46-5-306 and MCA § 46-5-312" which the Court has construed as a complaint filed pursuant to 42 U.S.C. § 1983.[1]

## I. STATEMENT OF CASE

### A. Parties

Lawrence is a state prisoner proceeding without counsel. In his initial filing

---

[1] Lawrence indicates in his "Notice of Amendment of Complaint and Clarification" that this action should be captioned as a "Demand for Federal Subpoena for Petitioner's Records from Hewlitt-Packard and Demand for FBI Cyber Crimes Investigation and Prosecutions." (Doc. 6.) Lawrence's document entitled "Demand for Federal Subpoena for Petitioner's Records from Hewlitt-Packard and Demand for FBI Cyber Crimes Investigation and Prosecutions" (Doc. 1-2) is attached as an exhibit to the Writ of Mandamus (Doc. 1) which has been filed as the Complaint in this matter.

1

Lawrence named only the State of Montana. (Writ of Mandamus, Doc. 1.) In his Demand for Federal Subpoenas (Doc. 1-2), his Motion to Proceed in Forma Pauperis (Doc. 3), and his Motion to Amend (Doc. 6-1), he listed the following Defendants: the Stevensville Police Department, Police Chief James Marble, Montana State District Judge James A Haynes, Montana State District Judge Jeffrey Langton, Ravalli County Attorney William Fulbright, and Montana State Crime Lab Agent Jimmy Weg.

**B. Allegations**

Lawrence alleges that on July 27, 2012, the Stevensville Police Department, under the direction of Chief James Marble, served an unlawful open-ended search warrant on the home where Lawrence and his mother resided. During the search, Chief Marble "expanded" the search beyond the scope of the warrant to include the search and seizure of his mother's property. Lawrence and his mother's computers were seized and searched by Defendants.

On November 9, 2012, a forensic search warrant was issued by Judge Haynes for the search of Lawrence's computer. Crime lab agent Jimmy Weg testified that his initial search yielded nothing of evidentiary value and the ten-day statutory expiration of the warrant expired. On January 2, 2013, however, Agent Weg initiated a new search of Lawrence's computer and discovered illegal images.

A new warrant was then obtained to continue what Lawrence characterizes as an already illegal search of the computer. (Doc. 1-2.)

Lawrence seeks the return of his property and his mother's property. He asks this Court to order the state court to grant return of the property. (Doc. 1 at 2.)

### C. Prior Criminal Proceedings

On August 15, 2012, Lawrence was charged by information with sexual intercourse without consent, sexual abuse of children, and sexual assault in the 21st Judicial District Court for Ravalli County, Montana. (Civil Action 15-CV-0083-M-DLC, Doc. 1-5 at 9–Case Register Report.) Based upon the case register in that criminal case, it appears Lawrence entered an Alford plea in May, 2014. He filed a Notice of Appeal in the Montana Supreme Court on November 3, 2014. *State of Montana v. Lawrence*, DA 14-0720 (Mont. S.Ct). Counsel for Lawrence has been granted nine extensions of time to file the opening brief in that appeal. Lawrence's appellate brief is currently due on November 20, 2015.

On July 6, 2015, Lawrence filed a federal petition for writ of habeas corpus in this Court in which he filed several exhibits relating to his state court criminal proceedings. Specifically, he submitted a document entitled "demand for return of seized property" which had been filed in the 21st Judicial District Court for

Ravalli County on April 16, 2015. (Civil Action No. 15-CV-83-M-DLC, Doc. 1-4 at 14.) Attached to his Complaint in this case, Lawrence submitted a letter he wrote to the Ravalli County Clerk of Court. On that letter is a hand written note from Montana State District Court Judge Haynes dated April 27, 2015 stating, "This case on appeal, DC 12-127 @ MT Sup. Ct. This District Court has no Jurisdiction to act. Doc. #147 notes the appeal status. These documents as well as all future documents submitted by Mr. Lawrence are ordered returned to him until the MSC transmits a remittitur or remand order to this Court." (Civil Action No. 15-CV-83-M-DLC, Doc. 1-4 at 7.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

As Lawrence is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous," if it "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim

upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(*quoting Bell*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing*

*Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

**1. Interests of Rachael Ann Lawrence**

Lawrence seeks to recover property on behalf of his mother, Rachael Ann Lawrence. A litigant in federal court has a statutory right to self-representation. *See* 28 U.S.C. § 1654. However, "while a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (*citing C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

While the issue of pro se representation of an estate has not been addressed by the Ninth Circuit, the Ninth Circuit has held that a parent cannot bring their child's claims without retaining a lawyer. *See Johns*, 114 F.3d at 876–77. The Ninth Circuit reasoned that the right to proceed pro se respected the notion of individual choice, which could not be a true choice for a minor, and that children had an important interest in having their rights protected by trained legal assistance. *See id.*

Other circuit courts have addressed whether an estate can be represented by a pro se administrator or executor. The Second Circuit has held that an administrator may proceed pro se when the estate has no other beneficiaries or

creditors other than the litigant. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). In *Guest*, a father who was the administrator and sole beneficiary of his late daughter's estate appealed pro se the trial court's grant of summary judgment in a wrongful death suit against a college. *Guest*, 603 F.3d at 19. The Second Circuit reasoned that because the estate had no other beneficiaries and no creditors, the father was the only party affected by the disposition of the suit and he was, in fact, appearing solely on his own behalf. *Id.* at 21. The court noted that it was only legal fiction that assigned a sole beneficiary's claims to the estate rather than to the beneficiary himself. *Id.*

In the present case, Lawrence's mother, is deceased. She no longer has her own rights to be protected or her own claims to be litigated. Instead, what claims she has passes to her Estate. Lawrence asserts that he is the executor of his mother's estate and that he brings claims on behalf of himself and the Estate. If he were the sole beneficiary of the Estate, he would essentially be bringing his own claims on his own behalf. However, in Civil Action No. 15-cv-85-M-DLC-JCL, Lawrence seeks damages made payable to his mother's estate and her two biological sons. Thus, the estate has at least one other beneficiary, therefore, Lawrence may not proceed on his mother's behalf without a lawyer.

As such, any claims for return of property belonging to Lawrence's mother

7

should be dismissed.

## 2. Immunity

The State of Montana is protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. The United States Supreme Court has interpreted the Eleventh Amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Lawrence, however, has not named a state official in their official capacity who is not entitled to immunity and as set forth below, this Court must abstain from hearing Lawrence's claims for injunctive relief.

In addition, Lawrence's claims against Judges Haynes and Langton and County Attorney Fulbright are not cognizable. Judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *see also Olsen v. Idaho*

*State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under § 1983). Lawrence's claims arise out of the Defendants functioning in their official capacities. As such, these Defendants are entitled to absolute immunity and should be dismissed.

### 3. *Younger v. Harris*

Challenges to ongoing criminal proceedings are barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428

9

U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

A federal court must abstain under *Younger* if four requirements are met: (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

All the elements of *Younger* abstention are established in this case. First, there is an ongoing criminal appeal based on the circumstances giving rise to Lawrence's claims. Secondly, these proceedings revolve around important state interests to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing. Third, Lawrence will have an adequate

opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Lawrence has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to raise the issues brought here in his state court appeal. Fourth, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves. Any decisions regarding whether or not there was an improper search in violation of his rights under the United States Constitution would interfere with and/or could potentially imply the invalidity of his conviction. Accordingly, all four prongs of the *Younger* test have been satisfied and the Court must abstain from adjudicating Lawrence's claims under *Younger v. Harris*, 401 U.S. 37 (1971).

Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate under *Younger*. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004).

## III. CONCLUSION

As a pro se litigant, Lawrence may not bring claims on behalf of his mother's estate. In addition, the State of Montana is entitled to Eleventh Amendment immunity and Lawrence's claims against the Judges and prosecutor in his criminal case are entitled to absolute immunity. Finally, this Court must

11

abstain from adjudicating Lawrence's claim regarding the searches of his computers as he is seeking to challenge issues which could affect an on-going criminal proceeding. These are not defects which could be cured by amendment. The Complaint should be dismissed without prejudice.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Lawrence's Complaint (Doc. 2) should be dismissed without prejudice. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Lawrence may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of October, 2015.

                                           /s/ *Jeremiah C. Lynch*
                                           Jeremiah C. Lynch
                                           United States Magistrate Judge

---

(3) days are added after the period would otherwise expire.