

FILED

JAN 0 5 2016

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH E. LAWRENCE, | CV 15–78–M–DLC–JCL |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, STEVENSVILLE POLICE DEPARTMENT, CHIEF JAMES MARBLE, JUDGE JAMES A. HAYNES, JUDGE JEFFREY LANGTON, RAVALLI COUNTY ATTORNEY WILLIAM FULBRIGHT, AGENT JIMMY WEG, | |
| Defendants. | |

United States Magistrate Judge Jeremiah C. Lynch entered findings and
recommendations in this case on October 29, 2015, recommending that Plaintiff
Joseph Lawrence's ("Lawrence") Complaint be dismissed without prejudice on a
variety of legal grounds. On November 16, 2015, Lawrence filed objections to
Judge Lynch's findings and recommendations, and so is entitled to de novo review
of those findings and recommendations to which he specifically objects. 28
U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and
recommendations to which no party objects. *See McDonnell Douglas Corp. v.*

-1-

*Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax,* 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Lynch's findings and recommendations in full.

Lawrence, who has a number of pending actions before the undersigned, alleges[1] in this action that on July 27, 2012, the Stevensville Police Department conducted a search of his and his mother's home pursuant to an illegal warrant, and in the process seized some of his mother's property. Lawrence also claims that Montana State Crime Lab Agent Jimmy Weg searched a computer seized in the Stevensville search after the warrant had expired. In August 2012, Lawrence was charged in state court in Ravalli County, Montana with sexual intercourse without consent, sexual abuse of children, and sexual assault. He has since appealed his state conviction, and the appeal remains pending. Through this federal action, Lawrence seeks the return of his and his mother's property.

Judge Lynch found the following with respect to Lawrence's claims against the various defendants: (1) as a pro se litigant, Lawrence may not represent his

---

1. Lawrence names only the State of Montana in his Complaint, but makes allegations against the defendants in the above caption in his numerous other filings in this case. Judge Lynch's findings and recommendations are based upon Lawrence's allegations in toto.

deceased mother's estate because it appears there is at least one other beneficiary

of the estate; (2) the State of Montana, Judge Haynes, and Judge Langton are

immune from suit pursuant to the Eleventh Amendment to the United States

Constitution and judicial immunity principles, respectively; and (3) *Younger v.*

*Harris*, 401 U.S. 37 (1971), requires this Court to abstain from hearing

Lawrence's case against the remaining defendants because these claims are the

subject of a pending state appeal.

Lawrence's response to Judge Lynch's findings and recommendations is

two-fold. First, Lawrence requests a "stay and abeyance" of this case due to the

"number of issues still in flux, and under lower Court consideration, at this time."

(Doc. 11 at 1.) In particular, he requests a stay "until such time as current

investigations are concluded, [the] lower court rules on [his] Direct Appeal,

counsel can be retained, and/or evidence of [a] conflict of interest[2] can be

confirmed." (*Id.* at 3.) Second, Lawrence objects to Judge Lynch's finding that,

by failing to name a state defendant who is not individually immune, Lawrence

fails to overcome the State of Montana's Eleventh Amendment immunity.

Lawrence claims that there is no immunity for the "criminal acts" committed by

---

2. Lawrence alleges a conflict of interest between Judge Haynes, Judge Langton, William Fulbright, Judge Lynch, and the undersigned, stemming from "an alleged golf and Federal Judicial training relationship." (Doc. 11 at 3.) This allegation is meritless.

Defendants, including the "fabrication [and] tampering of evidence." (Doc. 11 at 1.)

As to Lawrence's request for a stay, given the Court's concurrence with Judge Lynch's immunity and *Younger* analyses, dismissal without prejudice is more appropriate than leaving this matter pending on the Court's docket. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) ("When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, *permanently* by dismissing the federal action because the federal court is only being asked to stop the state proceeding. Once it is determined that an injunction is not warranted on *Younger* grounds, there is nothing more for the federal court to do. Hence, dismissal (and only dismissal) is appropriate.") (emphasis in original).

As to his objection to Judge Lynch's findings and recommendations, Lawrence's conclusory allegations regarding Defendants' tampering with evidence is insufficient to defeat the immunity of the State of Montana, Judge Haynes, or Judge Langdon. Moreover, these objection-stage allegations completely lack specificity – Lawrence neglects to mention who tampered with what evidence, and when this occurred. Finally, as described in Judge Lynch's *Younger* analysis, Lawrence is in the midst of an appeal of his state criminal

conviction. That appeal should provide him with an avenue to raise the evidentiary issues he alleges in his objections. Ultimately, Lawrence's objection does not call Judge Lynch's findings and recommendations into question.

Finding no clear error in the remainder of Judge Lynch's findings and recommendations,

IT IS ORDERED that Judge Lynch's findings and recommendations (Doc. 10) are ADOPTED IN FULL. Lawrence's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to CLOSE this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 5th day of January, 2016.

Dana L. Christensen, Chief Judge
United States District Court